**Elisa Betsab LOPEZ–CAMPOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74233.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 14, 2005.

Robert G. Berke, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Elisa Betsab Lopez–Campos, a native and citizen of Mexico, petitions for review

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of a Board of Immigration Appeals ("BIA") order summarily affirming without opinion an Immigration Judge's ("IJ") removal order. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252, and we review questions of law de novo. *Shivaraman v. Ashcroft*, 360 F.3d 1142, 1145 (9th Cir.2004). We dismiss the petition for review in part and deny it in part.

We lack jurisdiction to review Lopez–Campos's contention that she did not have "the required mens rea" to sustain her ground of removability, as she failed to exhaust this contention in her appeal to the BIA. *See Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir.2004).

As the IJ concluded, Lopez–Campos is ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(a)(6)(E)(iii), because the alien she was charged with smuggling was not her spouse or another qualifying relative. *See* 8 U.S.C. § 1182(d)(11) (eligibility for the waiver applies "if the alien has encouraged, induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law"); *Moran v. Ashcroft*, 395 F.3d 1089, 1094 (9th Cir. 2005) ("Ana was not yet Moran's wife when he helped her and their son enter illegally.... Therefore, Moran is ineligible for waiver of the alien-smuggling provision."). We therefore deny this aspect of the petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**